# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:
BARNHILL'S BUFFET, INC.
    Debtor

Case No. 07-08948
Chapter 11
Judge George C. Paine, II

## MEMORANDUM

This matter is before the court on the State of Florida, County of Escambia, Tax Collector's Motion for allowance of an administrative expense claim for unpaid ad valorem personal property taxes for 2008 and 2009 pursuant to 11 U.S.C. § 503(b)(1)(B). The chapter 7 trustee objected to the claim. For the reasons contained herein, the court SUSTAINS the trustee's objection, and DENIES the County of Escambia's Motion.

The parties stipulated to the following:

| | |
|---|---|
| Chapter 11 Petition Filed | 12/03/2007 |
| First Sale of Personal Property | 01/28/2008 |
| Second Sale of Personal Property | 02/29/2008 |
| Case Converted to Chapter 7 | 04/28/2008 |

The County of Escambia seeks $3,353.81 plus 18% interest for 2008 ad valorem taxes and $3,022.69 plus 18% interest for 2009 ad valorem taxes. The County

provided no documentary proof or witness testimony in support of its claim.[1] Instead, it relied upon the above stipulations and counsel's representations to the court that pursuant to Florida statute 197.122, the County is entitled to administrative taxes for 2008 and 2009. Section 197.122 of the Florida Code provides in relevant part as follows:

> (1) All taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which the taxes have been assessed and shall continue in full force from January 1 of the year the taxes were levied until discharged by payment or until barred under chapter 95.

Fl. Stat. Ann 197.122. According to the County, the debtor incurred the ad valorem personal property taxes as of January 1 of 2008 and January 1 of 2009, and until such time those taxes are paid, the statutory lien remains in full force and effect.[2]

The trustee is not at all convinced that the County of Escambia is seeking taxes against the correct Barnhill entity, and furthermore, if it is, the trustee argues that the most the County is entitled to is an administrative claim in the chapter 11 case that is subordinated to the administrative claims of the chapter 7 case, and even then only up until the time the property was sold.

> Section 503(b)(1)(B) allows an administrative claim:
>
> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including– . . .

---

[1] The court's review of the file showed that the County filed a Proof of Claim on June 30, 2008, after the case had converted to chapter 7 estimating the 2008 tax amount. The County later filed an Amended Proof of Claim on February 6, 2009 with a copy of the 2008 tax bill and estimating 2009 taxes.

[2] The County seems to argue that it has a statutory lien giving it a first-priority secured claim, but at the same time contends the County should be paid as an administrative claimant.

2-U.S. Bankruptcy Court, M.D. Tenn.

Case 3:07-bk-08948    Doc 838    Filed 02/24/10    Entered 02/24/10 15:21:57    Desc Main
Document    Page 2 of 6

> (B) any tax--
>
>> (i) incurred by the estate, whether secured or unsecured, including property taxes for which liability is in rem, in personam, or both, except a tax of a kind specified in section 507(a)(8) of this title;

The burden of proof rests with the moving party to demonstrate by a preponderance of the evidence that the claimed expenses are entitled to administrative priority. **In re HNRC Dissolution Co.,** 371 B.R. 210 (E.D. Ky. 2007). Section 503(b)(1)(B)(i) requires a two-part analysis. First, it must be determined whether the property taxes were "incurred" by the estate within the meaning of that section. Second, even if the taxes were incurred by the estate, they still are not an administrative claim if they are entitled to priority under section 507(a)(8)(B) based on their being "assessed" against the debtor before the commencement of the case. The Bankruptcy Code does not define section 503(b)(1)(B)(i)'s reference to "incurred by the estate." However, most courts considering the issue have found that a tax is incurred when it accrues and becomes a fixed liability. **In re Columbia Gas Transmission Corp.**, 37 F.3d 982, 985-86 (3d Cir.1994); **In re Federated Department Stores, Inc**., 270 F.3d 994, 1000-1001 (6th Cir.2001).

Based on the proof presented by the County, the court cannot even determine what property the County is attempting to collect taxes against. The County argues that:

> the property against which the taxes have been assessed was property of the estate on January 1, 2008 and January 1, 2009 respectively. The Trustee's objection asserts that the Debtor ceased to exist, but the assertion is misplaced in that the taxes are against the property, not the debtor. None of the abandonment or sale motions noticed to the Tax Collector since conversion to Chapter 7 reference any property located in Escambia County, or for that matter, located in Florida. The trustee has not alleged nor did the Trustee's Objection allege that the

property which is the subject of the tax has been sold. It is submitted that the property against which the taxes were assessed is currently property of the estate or was sold without notice as required under 11 U.S.C. § 363.

The burden of proof is on the County to show its entitlement to an administrative claim, and if the court cannot even determine from the County's proof WHAT property is being argued about, how can it possibly award the County an administrative claim?

The trustee has indicated that the majority of the debtor's property was sold by the end of February 2008. When the case converted to chapter 7 in April of 2008, the chapter 7 trustee had no property in the estate relating to this dispute. As of January 1, 2008, the debtor incurred the Florida ad valorem taxes attributable to personalty held in the estate that the County could lawfully tax.[3]

In 1994, Congress amended the Bankruptcy Code to include Section 362(b)(18), effective for all proceedings commenced after October 22, 1994. That section states:

> (b) The filing of a petition ... does not operate as a stay-
>> (18) ... of the creation or perfection of a statutory lien for an ad valorem property tax ... if such tax comes due after the filing of the petition.

11 U.S.C. § 362(b)(18). Previously, these tax lien claims received an administrative priority status. Because of the addition of Section 362(b)(18) they now are afforded

---

[3] Presumably, and without further investigation into the intricacies of Florida tax law, the court assumes that the lien is annualized for the entire 2008 tax amount and not prorated between a buyer and seller absent a specific agreement of the parties.

4-U.S. Bankruptcy Court, M.D. Tenn.

Case 3:07-bk-08948    Doc 838    Filed 02/24/10    Entered 02/24/10 15:21:57    Desc Main
Document      Page 4 of 6

a secured position. **See In Re Keuler**, 399 B.R. 782 (M.D. Pa. 2009) (recognizing that legislative history shows Congress's intention in the Bankruptcy Reform Act of 1994 was to overturn cases that included property tax assessments within the automatic stay provided during bankruptcy).  Assuming that the personalty subject to the ad valorem taxes was sold during the chapter 11 as the trustee has stated, the County's lien would have attached to the sale proceeds as provided in the January 28, 2008 Sale Order:

> The Sale Proceeds shall also be distributed without further order of the Court to satisfy (i) all valid tax claims secured by nonavoidable liens . . .
> Within 10 calendar days of the entry of this Order, which shall be served on all creditors and parties in interest, all claimants asserting (i) a tax claim secured by a lien in the Primary Assets or the Assigned Agreements. . . shall file Proof of such claims together with documentation evidencing the amount of the claim. . .

ORDER APPROVING (I) SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §363(b) AND (f) AND (II) ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. §365(a) AND (f), Docket No., 209 (Jan. 28, 2008).

Procedurally, therefore, the County has filed a request to be paid as an administrative claimant in the converted chapter 7 case, but appears, by statute, to hold a lien secured by personal property of the chapter 11 estate that was sold by a court ordered sale that cleansed the property of all liens and encumbrances.  Valid tax liens attached to the sale proceeds, but required a timely filed proof of claim of such lien.  The County cannot seek payment of its secured claim as an administrative expense of the chapter 7 estate.

The only matter currently before the court is the request for payment of an administrative tax claim for 2008 and 2009.[4] It appears that the County holds a secured claim pursuant to 11 U.S.C. § 362(b)(18) and Florida statute 197.122 to the extent it holds a claim at all, and cannot therefore be paid as an administrative claimant.

For all the reasons cited herein, the court therefore DENIES the County of Escambia's Application for Payment of Administrative Claim. The court instructs the trustee to prepare an Order not inconsistent with the court's decision within fourteen (14) days of entry of the Memorandum.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE**

---

[4]The County also seeks an administrative claim for 2009 ad valorem taxes that the County claims arose by statute on January 1, 2009. The property that created the tax had been out of the estate since at least February 2008, and under no theory can the court determine that a lien arose against personal property creating a liability of the estate when the estate no longer held the personal property. The court DENIES the County's motion for payment of the 2008 and 2009 ad valorem taxes for the reasons stated herein, and therefore, does not rule on whether the 2009 ad valorem taxes could be incurred by the estate for property it has not held in the relevant tax year.